# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Charles R. Runion,

                Plaintiff,    Case No. 19-cv-11812

v.

                                  Judith E. Levy
                                  United States District Judge

Tim Donnellon, *et al.*,

                                  Mag. Judge Patricia T. Morris

                Defendants.

_____/

# **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

Before the Court is plaintiff Charles R. Runion's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Runion is currently confined in the St. Clair County Jail in Port Huron, Michigan. Runion's complaint names twenty defendants who provide health care services for the St. Clair County Sheriff's Department. Runion's claim for deliberate indifference arises out of the defendants' alleged failure to adequately treat his dental needs.

## I. Background

Runion brings this case based on the denial of dental care despite ongoing pain and bleeding. Runion alleges he initially sought examination on November 9, 2018. He was examined by LPN Melissa,

who gave him antibiotics and pain relievers for a suspected infection. (ECF No. 1, PageID.2.) When the treatment did not work, he returned to medical on November 16, 2018, and he saw LPN Mona. LPN Mona prescribed a different antibiotic and suggested he see a dentist. (*Id.* at PageID.3.) LPN Melissa saw him on several other occasions in November, and she eventually put Runion on a list to see N.P. Derik Evenson.

It took Runion several attempts to be seen by Evenson. On November 28, 2018, the date initially set to see Evenson, LPN Tarrah told Runion he was not on the list and would not be seen. On another occasion, Runion alleges that RN Colleen Spencer refused to let him be seen by Evenson. As a result, Runion was not seen by Evenson until December 12, 2018, when he was given a second diagnosis: gingivitis. Evenson prescribed Runion a third medicine, an oral rinse, to be used for a couple of weeks. During a follow-up on January 9, 2019, Evenson noted the treatment was not working and referred Runion to a dentist.

Runion was seen by a dentist on February 13, 2019. The dentist "informed plaintiff that he did not have gingivitis," but that plaque had built up in his roots such that Runion required a "deep root scale cleaning." (*Id.* at PageID.8.) The dentist informed Runion that if he did

2

not get the prescribed treatment, Runion would lose his "entire front lower teeth." (*Id.*) The dentist also informed Runion that the need for the cleaning was urgent to prevent rot and decay that would lead to the loss of his teeth. (*Id.* at PageID.9.)

But when Runion submitted a request to obtain the prescribed treatment, he was told by RN Spencer that he "probably won't be receiving it," because it "is not medically necessary." (*Id.*) He sent two requests in March of 2019 that were both denied.

## II. Legal Standard

Under the Prison Litigation Reform Act (PLRA), the Court must screen every prisoner complaint filed against a state or governmental entity. The Court is required to dismiss prisoner actions when the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and legal conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must determine whether the complaint contains "enough facts to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But the Sixth Circuit has observed that "[d]espite the leniency afforded to . . . *pro se* litigant[s], however, our standard of review requires more than the bare assertion of legal conclusions, and thus the complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

### III. Analysis

Runion brings civil rights claims pursuant to 42 U.S.C. § 1983 against various defendants he came into contact with while seeking dental care at St. Clair County Jail.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "Thus, 'the first step in any such claim is to identify the specific constitutional right allegedly infringed.'" *Johnson v. Ward*, 43 F. App'x 779, 781–82 (6th Cir. 2002) (quoting *Albright*, 510 U.S. at 270). And the claimed constitutional violation must be based upon "active unconstitutional behavior." *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983," because it "constitutes the 'unnecessary and wanton infliction of pain'" that violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To demonstrate constitutional injury, a plaintiff must first allege that his medical needs were "sufficiently serious" to establish the objective component. *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (citing *Farmer v. Brennan*, 511 U.S. 294, 297 (1994)). Second, a plaintiff must plead facts that, if true, would prove a defendant acted with "a sufficiently culpable state of mind in denying medical care," *Blackmore v. Kalamazoo County*, 390 F.3d at 890, 895 (2004) (quoting *Brown v. Bargery*, 207 F.3d at 867), that is, the defendant "subjectively perceived a risk of harm and then disregarded it[.]" *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citations omitted). "Dental needs fall into the category of serious medical needs because [d]ental care is one of the most important needs of inmates." *Flanory*, 604 F.3d at 253 (citations and internal quotation marks omitted).

Delaying medical treatment for non-medical reasons may demonstrate deliberate indifference. *Darrah*, 865 F.3d at 372 (citing *Blackmore*, 390 F.3d at 899). "[I]ntentionally interfering with the treatment once prescribed" can also constitute deliberate indifference, because "[c]omplying with a doctor's prescription or treatment" is not a discretionary function. *Boretti v. Wiscomb*, 930 F.2d 1150, 1153 (6th Cir. 1991) (quoting *Estelle*, 429 U.S. at 103–05)). Accordingly, medical staff who independently disregard a "prescribing physician's treatment plan" may be deliberately indifferent. *Imelmann v. Corizon Inc.*, No. 15-10343, 2016 U.S. Dist. LEXIS 133107, at *19–20 (E.D. Mich. Sept. 28, 2016).

However, "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Id.* (citing *Estelle*, 429 U.S. at 107); *see also Mitchell v. Hininger*, 553 F. App'x. 602, 605 (6th Cir. 2014) ("But a desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim."). Likewise, a plaintiff must allege "more than . . . the misdiagnosis of an ailment," because "[e]ven if the professional's assessment is ultimately incorrect, the professional acted to provide medical care." *Blaine v. Louisville Metro. Gov't*, 768 F. App'x

515, 526 (6th Cir. 2019) (citing *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446–47 (6th Cir. 2014)).

For reasons set forth below, Runion fails to state a claim against all but one defendant.

**A. Defendants Absent from Complaint**

First, Runion asserts no allegations against sixteen of the defendants named in his complaint, because he fails to allege any facts against the following defendants: Tim Donnellon, Tom Buckley, Matt Paulus, Tom Bliss, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffrey Bohm, David Rushing, Bill Gratopp, Tiffany Francis, Pat Roberts, Lake Huron Medical Center, John Doe, and Jane Doe. Accordingly, they will be dismissed.

**B. Tarrah (Jane Doe) and Melissa Grover**

Next, Runion has failed to state a claim upon which relief may be granted against defendants Tarrah and Melissa Grover.

On various dates in November and December 2018, Grover examined Runion's gums, gave him pain medication, referred him for antibiotics, and told Runion that she had placed him on call to see the doctor. (ECF No. 1, PageID.2–4.) She also received information from

8

Runion about the antibiotics' side effects and informed him of associated risks. (*Id.* at PageID.3.) Runion also alleges that, on two occasions, Grover put Runion on the "doctor call" list. (*Id.* at PageID.4, 5.) And as to defendant Tarrah, Runion alleges that she "informed Plaintiff he wasn't on the list" to be seen by the nurse practitioner, defendant Evenson, and therefore would not be seen. (*Id.* at PageID.4.)

These allegations against Grover and Tarrah do not set forth a constitutional claim. None of these allegations support any inference of a sufficiently culpable mind or even a denial of medical care. Accordingly, the claims against them fail.

**C. Derik Evenson**

Nor do Runion's allegations against defendant Derik Evenson rise to the level of a constitutional injury. The first interaction pleaded with Evenson was on December 12, 2018, when Evenson diagnosed Runion with gingivitis and began to treat him for it despite not being "an Orthodontist, Dentist or DSS." (*Id.* at 7-8, PageID.6–7.) After the prescribed treatment did not work, Evenson referred Runion to a dentist. (*Id.* at 9, PageID 8.) The delay Runion experienced before referral to a dentist was not the result of "non-medical" reasons but occurred because

9

Evenson diagnosed him with gingivitis, perhaps incorrectly, and sought to treat it. When that treatment did not work, Evenson referred Runion to the dentist. A disagreement with a course of treatment or a misdiagnosis cannot sustain an Eighth Amendment violation. The claims against Evenson therefore fail.

### D. Colleen Spencer

By contrast, Runion alleges a plausible claim against Colleen Spencer. As pleaded, the dentist prescribed a course of treatment to prevent Runion from losing his teeth. Despite knowing of the dentist's prescribed treatment and Runion's risk of losing his teeth, Spencer denied him the treatment stating that it was "not medically necessary." (ECF No. 1, PageID.8–9.) The allegations set forth that Runion suffered serious pain and was diagnosed with a dental issue that would lead to him losing his teeth. They include enough detail to support an inference that Spencer knew of this serious medical need and of the prescribed treatment plan, consciously disregarded it, and refused to take the steps needed for this prescribed care.

At this stage in the proceedings, Runion's allegation of Spencer's interference with his prescribed treatment, *Boretti*, 930 F.2d at 1154, is sufficient.

**IV. Conclusion**

For the reasons set forth above, the Court concludes that Runion fails to state a claim upon which relief may be granted against defendants Donnellon, Buckley, Paulus, Bliss, McConnell, Tomion, Heidemann, Dunn, Bohm, Rushing, Gratopp, Francis, Roberts, Evenson, Tarrah (Jane Doe), Grover, Lake Huron Med. Ctr., and John and Jane Doe. Accordingly, the Court DISMISSES the claims against those defendants.

Runion's deliberate indifference claim against defendant Colleen Spencer is not subject to dismissal. Accordingly, the Court directs that a copy of the complaint and a copy of this order be served upon her by the United States Marshal without prepayment of costs.

IT IS SO ORDERED.

Dated: August 27, 2019  s/Judith E. Levy
    Ann Arbor, Michigan  JUDITH E. LEVY
                                          United States District Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 27, 2019.

                                        s/Shawna Burns
                                        SHAWNA BURNS
                                        Case Manager