## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHARLES R. RUNION,

    *Plaintiff,*

v.

COLLEEN SPENCER,

    *Defendant.*[1]

_____/

CIVIL ACTION NO. 5:19-CV-11812

DISTRICT JUDGE JUDITH E. LEVY
MAGISTRATE JUDGE PATRICIA T. MORRIS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REINSTATE DEFENDANTS (ECF No. 16)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion to reinstate Defendants (ECF No. 16) be **DENIED**.

### II.    REPORT

#### A.    Introduction

Plaintiff Charles Runion is a former inmate of the St. Clair County jail in Port Huron, Michigan. His complaint alleges deliberate indifference to his serious medical needs under the Eighth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. His complaint enters on denial of dental care despite ongoing pain and bleeding.

---

[1] Defendants Donnellon, Buckley, Paulus, Bliss, McConnell, Heidemann, Dunn, Bohm, Rushing, Gratopp, Francis, Roberts, Evenson, LNU, Grover, Lake Huron Medical Center, John Doe and Jane Doe were terminated by Order of the court on August 27, 2019.

On August 27, 2019, this Court entered an Order dismissing a multitude of Defendants but allowing Defendant Spencer to remain. (ECF No. 6.) Plaintiff's current motion seeks reconsideration of that Order and asks the court to reinstate these previously dismissed Defendants. (ECF No. 16.) Plaintiff fears that "each Defendant is putting the blame on other defendants" such that he needs all the Defendants to remain in the case in order to have a full and fair adjudication of his claims. (ECF No. 16, PageID.110.)

### B. Analysis

Under Rule 54(b) of the Federal Rules of Civil procedure, a non-final order is subject to reconsideration at any time before entry of a final judgment. Under Eastern District of Michigan Local Rule 7.1(h)(1), motions for reconsideration must be filed within 14 days after entry of the Order. In addition, the court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication" and the moving party "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." Local Rule 7.1(h)(3).

In the instant case, the Order complained of was entered on August 27, 2019, Plaintiff dated his motion to reinstate Defendants on January 23, 2020 and it was filed on February 4, 2020. Plaintiff's motion is far from timely and should be denied on that basis alone. Local Rule 7.1(h)(1).

In addition, I suggest his allegations in the motion restate previous arguments and do not demonstrate any palpable defect by which the parties or the court were misled.

### C. Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Plaintiff's motion to reinstate Defendants be denied. (ECF No. 16.)

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue

raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 20, 2020                    S/ PATRICIA T. MORRIS
                                        Patricia T. Morris
                                        United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Charles R. Runion #183655 at 1409 Kemper Ave., Holt, MI 488842.

Date: March 20, 2020                    By s/Kristen Castaneda
                                        Case Manager