UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES R. RUNION,

     Plaintiff,

v.

COLLEEN SPENCER,

     Defendant.[1]

_____/

CIVIL ACTION NO. 5:19-CV-11812

DISTRICT JUDGE JUDITH E. LEVY
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT SPENCER'S MOTION FOR SUMMARY JUDGMENT (ECF No. 21)**

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion for summary judgment (ECF No. 21) be **GRANTED** and the case be dismissed.

### II.    REPORT

#### A.    Introduction

Plaintiff Charles Runion is a former inmate of the St. Clair County jail in Port Huron, Michigan. His complaint alleges deliberate indifference to his serious medical needs under the Eighth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. His complaint centers on denial of dental care despite ongoing pain and bleeding.

---

[1] Defendants Donnellon, Buckley, Paulus, Bliss, McConnell, Heidemann, Dunn, Bohm, Rushing, Gratopp, Francis, Roberts, Evenson, LNU, Grover, Lake Huron Medical Center, John Doe and Jane Doe were terminated by Order of the court on August 27, 2019.

On August 27, 2019, this Court entered an Order dismissing a multitude of Defendants but allowing Defendant Spencer to remain. (ECF No. 6.) Defendant Spencer filed the instant motion for summary judgment on April 24, 2020. (ECF No. 21.) Although Plaintiff was ordered to file a response by May 10, 2020, no response has been filed nor has Plaintiff moved for an extension of time in which to file a response.

### B. Analysis and conclusions

#### 1. Summary judgment standards

When a movant shows that "no genuine dispute as to any material fact" exists, the court will grant his or her motion for summary judgment. Fed. R. Civ. P. 56(a). In reviewing such motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative

evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493.

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

  2. **Application and analysis**

Defendant's motion first references this Court's previous Order where she alleges that "[s]ummarily, this Honorable Court wrote that plaintiff[] sufficiently pled a claim that nurse Spencer denied plaintiff a dentist's prescribed treatment at the risk of plaintiff losing his teeth." (ECF No. 21, PageID.123.) Defendant disagrees and further argues that Defendant is entitled to summary judgment because: (1) Defendant "did not have the authority to send Plaintiff to a dentist for a follow-up appointment or any other appointment"; (2) Plaintiff's condition and potential damage, risk of losing his teeth, "does not meet criteria for a serious medical need"; and (3) Plaintiff's claim "should be medical malpractice." (ECF No. 21.) I will consider all three arguments together as they all relate to the substance of a deliberate indifference claim. Defendant also filed an affidavit in support of her motion. (ECF No. 23.)

In *Estelle v. Gamble*, the Supreme Court held "that deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment's Cruel and Unusual Punishment Clause because it constitutes the "unnecessary and wanton infliction of pain" and is "repugnant to the conscience of mankind" by offending our "evolving standards of decency." 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 97, 104 (1976)). To establish a cognizable claim, Plaintiff's allegations must show Defendant's 'sufficiently harmful' acts or omissions. *Id.* at 106. "[I]nadvertent failure to provide adequate medical care . . . will not violate the Constitution." *Id.*

The "deliberate indifference" inquiry has objective and subjective elements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective inquiry asks whether the deprivation was "sufficiently serious,"

which a claimant satisfies when his or her condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004) (citation omitted). The former standard focuses on the "effect of delay in treatment." *Anthony v. Swanson*, 701 F. App'x 460, 463 (6th 2017). In *Napier v. Madison Co.*, 238 F.3d 739 (6th Cir. 2001), the court held that a plaintiff "'must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Id.* (citation omitted). This rule applies more broadly to claims "based on the prison's failure to treat a condition adequately." *Blackmore v. Kalamazoo Co.*, 390 F.3d 890 (6th Cir. 2004). The Sixth Circuit recently explained that

> when an inmate has received on-going treatment for his condition and claims that this treatment was inadequate, the objective component of an Eighth Amendment claim requires a showing of care "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)). The plaintiff must present enough evidence for a factfinder to evaluate the adequacy of the treatment provided and the severity of the harm caused by the allegedly inadequate treatment. There must be "medical proof that the provided treatment was not an adequate medical treatment of [the inmate's] condition or pain." *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013). This will often require "expert medical testimony ... showing the medical necessity for" the desired treatment and "the inadequacy of the treatments" the inmate received. *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017); *see Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (explaining that adequacy-of-care claims may require expert testimony "to create a genuine dispute that the prisoner's medical needs are serious"). The plaintiff also must "place verifying medical evidence in the record to establish the detrimental effect" of the inadequate treatment.
>
> *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).

The subjective inquiry, by contrast, considers whether official's state of mind was sufficiently culpable; it requires a showing that an official "'knows of and disregards an excessive risk to inmate health or safety[.]'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quotation omitted). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* Inferences from circumstantial evidence can suffice to satisfy the subjective showing. *Magnum v. Repp*, 674 F. App'x 531, 537 (6th Cir. 2017).

The Supreme Court examined the subjective prong in *Farmer v. Brennan*, 511 U.S. 825, 834-847 (1994). The subjective nature of deliberate indifference follows from the Eighth Amendment's principle proscription of "only the unnecessary and wanton infliction of pain," and focus on the defendant's culpability. *Id.* at 834 (citation omitted). The culpable state of mind, the Court said, was not ordinary negligence—cruel and unusual punishment is something more than run of the mill medical malpractice. *Id.* at 835; *see also Estelle*, 429 U.S. at 110. But not so much more that the defendant must intentionally or purposefully inflict injury. *Farmer*, 511 U.S. at 837. Instead, as noted above, the standard turns on whether the defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* The upshot, for present purposes, is that defendants who "responded reasonably to the risk," even if the potential harm subsequently eventuates, have not violated the Eighth Amendment. *Id.* at 844-845.

Courts are reluctant "to second guess medical judgments," *Oliver v. Wolfenbarger*, No. 07-12672, 2008 WL 4387210, at *8 (E.D. Mich. Sept. 24, 2008) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)), and thus "differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim," *Pettway v. Squier*, 2014 WL 4924302, at *3 (E.D. Mich. Sept. 25, 2014). "[A] desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). Instead, when treatment is afforded, "the Eighth Amendment is violated if the care [was] 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* (citation omitted). The treatment must be "so woefully inadequate as to amount to no treatment at all." *Mitchell*, 553 F. App'x at 604.

Courts have accordingly rejected inadequate-treatment claims when the plaintiff received treatment but complained it was insufficient. *Bright v. Martin*, 37 F. App'x 136, 138 (6th Cir. 2002) ("In sum, it is clear that Bright received medical treatment for many years while incarcerated and has now concluded that he has a liver condition which Dr. Messany did not treat properly. Accepting Bright's allegations as true, they amount to a medical malpractice claim and not an Eighth Amendment claim."); *Powell v. Messary*, 11 F. App'x 389, 390 (6th Cir. 2001) ("An examination of the record shows that the defendants provided Powell with medical treatment for his condition, even though he may not have been satisfied with the treatment that he received. . . . Under these

circumstances, Powell has alleged no more than a medical malpractice claim that is not cognizable under 42 U.S.C. § 1983.").

These standards apply to "a private entity contracted to perform the traditional state function of prison medical care." *Baker v. Stevenson*, 605 F. App'x 514, 520 (6th Cir. 2015).

In the instant case, Plaintiff has alleged that he had requested, but was denied, an opportunity to see Nurse Practitioner Evenson on November 28, 2018. (ECF No. 1, PageID.4.) After complaining about this, on December 2, 2018, Defendant Spencer "informed Plaintiff 'her understanding after talking to the nurses who assessed Plaintiff, he was responding well to treatment.' That's the reason Plaintiff was not on call [list] to see NO Evenson." (*Id.*) Plaintiff also alleges that Defendant "informed Plaintiff that he does not have every right to see the doctor. However, Nurse Spencer denied Plaintiff that right due to a false understanding without ever examining Plaintiff herself." (*Id.*) Plaintiff avers that he "continued to suffer excruciating pain" and that "his gum condition worsen[ed]." (ECF No. 1, PageID.5.) Although Plaintiff was scheduled to see NP Evenson on December 5, 2018, he contends that he was "deprived" of this opportunity because Defendant "became hostile" and ultimately "denied Plaintiff the right to see the doctor by stomping out of the room throwing her hands in the air directing deputies to escort Plaintiff back to his cell stating, 'he won't be getting seen today.'" (*Id.*) (emphasis omitted).

Plaintiff was "finally examined by NP Evenson for his 'suspected' gum infection" on December 12, 2018, he began oral treatment that day, but Plaintiff contends this

"'lollipop' approach to treatment became impossible for Plaintiff's infection/gingivitis to get better." (ECF No. 1, PageID.6-7.) Plaintiff "was finally afforded the opportunity to be examined by a licensed dentist" on February 13, 2019. (ECF No. 1, PageID.8.) Plaintiff was informed he did not have gingivitis but "rather plaque" and so he needed deep root scale cleaning "soon" or his "teeth would rot/decay causing him to lose his entire front lower teeth as a result of the prolong delay of treatment." (*Id.*) On March 12, 2019, Plaintiff was told by Defendant that "'the deep root scale cleaning is not medically necessary so Plaintiff probably won't be receiving it.'" (ECF No. 1, PageID.9) (emphasis omitted). On July 27, 2019, Plaintiff was released.

Plaintiff's allegations and Defendant's brief detail evidence of continuing medical and dental care that was provided to Plaintiff. (ECF No.1, PageID.2-8; ECF No. 21, PageID.185-206.) Plaintiff was given antibiotics and pain medication and was seen by medical care staff on November 9, 10, 16, 17, 18-26 (on a "number of occasions"), 28, and December 5, 2018. (ECF No. 1, PageID.2-5.) Defendant's brief attaches records showing the numerous interactions Plaintiff had with staff, including nursing staff. (ECF No. 21, PageID.185-206.) Although Plaintiff did not receive the care of his choice, he received an abundance of care. Even assuming all the allegations in Plaintiff's complaint are true, this case presents a classic disagreement over the type of care provided but does not present a situation where care was withheld. Accordingly, Defendant's motion for summary judgment should be granted. *Schlatter v. Fries*, 2013 WL 3288412, at *10 (N.D. Ind. June 27, 2013) (despite alleged worsening of gingivitis and failure to adequately control dental pain, claim "boils down to a disagreement about the appropriate

course and level of treatment he needed, which does not constitute deliberate indifference.").

In addition, in the instant case, Defendant provides evidence that Plaintiff had not received any further dental treatment after he left prison and yet had not suffered any tooth loss or need for extraction. (ECF No. 21, PageID.135.) This vitiates against any allegation that delay in treatment was detrimental to Plaintiff. *Napier, supra.* Even if Plaintiff had, after release, received treatment that differed from the treatment offered while under Defendant's care, this would not be sufficient to avoid summary judgment. *Shelton v. Patterson*, 2012 WL 4484920, at *8 (M.D. Tenn. Sept. 27, 2012) (where plaintiff sought a tooth extraction but instead was treated otherwise and where he eventually was given an extraction after he transferred to a different prison, this difference of medical opinions was not sufficient to withstand summary judgment).

Finally, since Defendant has sworn, via affidavit, that she "had no authority to recommend, approve, or deny any dental procedures" or to "decide whether or not Mr. Runion would have a dental appointment" (ECF No. 23, PageID.379), she cannot be held responsible for choices she lacked the authority to make. *Peglow v. Alfrey*, 2018 WL 2979441, at *3 (W.D. Mich. June 14, 2018) ("Plaintiff's allegations indicate that he knew that the nurse Defendants did not have the authority to provide the relief he was seeking…Thus, one cannot infer deliberate indifference from the nurses' failure to prescribe medications or order an MRI.").

Since I find that there is no genuine issue of material fact as to Plaintiff's deliberate indifference claim against the only remaining Defendant, I suggest that Defendant's motion for summary judgment be granted and the case be dismissed.

### C. Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Defendant Spencer's motion for summary judgment be granted and the case be dismissed. (ECF No. 21.)

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 13, 2020                             S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge